■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MORRISON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered May 17, 1983, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of a motion by defendant to suppress identification testimony.

Judgment affirmed.

On appeal, defendant contends that the in-court identification by the witness, Philip Dennis, should have been suppressed because the People failed to prove by clear and convincing evidence that the identification was based upon a source independent from the witness's observations at a photographic identification procedure. We disagree. The record reveals that this witness had ample opportunity to observe defendant from a relatively close range, for approximately 30 minutes. Moreover, there is no evidence in the record to indicate that Mr. Dennis' in-court identification emanated from anything other than his independent recollection of defendant as the perpetrator of the crime. In addition to the identification by Mr. Dennis, defendant was positively identified by three other eyewitnesses, one of whom had known defendant for two months prior to the incident. The quantum as well as consistency of the identification testimony elicited from the various witnesses was clearly sufficient to establish defendant's guilt.

Defendant also alleges that he was deprived of a fair trial by several instances of prosecutorial misconduct. After reviewing each of the allegations, we have reached the conclusion that whether considered singly, or in combination, these alleged errors did not operate to deprive defendant of a fair trial.

We have considered defendant's remaining contentions and

find them to be without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.